UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Travis Paul Perry,

                Plaintiff,

v.

City of Waterville, et al.,

                Defendants.

Case No. 25-cv-3352 (LMP/LIB)

**ORDER**

---

Pursuant to a general assignment made in accordance with 28 U.S.C. § 636, this matter comes before the undersigned United States Magistrate Judge upon Plaintiff's "Renewed Motion for Reasonable Accommodations," [Docket No. 19], and his "Motion to Try Case to the Court," [Docket No. 22]. Finding no hearing necessary, the Court issues the present Order.

For the reasons discussed herein, Plaintiff's "Renewed Motion for Reasonable Accommodations," [Docket No. 19], and his "Motion to Try Case to the Court," [Docket No. 22], are **DENIED without prejudice as premature**.

Plaintiff, proceeding pro se,[1] filed his "Renewed Motion for Reasonable Accommodations," [Docket No. 19], seeking an Order of this Court permitting Plaintiff certain "accommodations to ensure meaningful access to" unspecified, hypothetical proceedings in this matter. The requested accommodations include remote access, a preference for scheduling proceedings in the afternoon, a blanket extension of all "non-jurisdictional deadlines," and access

---

[1] The pro se moniker indicates that Plaintiff is representing himself in this action rather than proceeding through legal counsel. The Court is required to liberally construe the filings of pro se parties, such as Plaintiff in the present case. See Erickson v. Pardus, 551 U.S. 89, 93 (2007). A pro se litigant, however, "is not excused from failing to comply with substantive and procedural law," Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984), including the Local Rules governing motion practice in this District. See Sgromo v. Target Brands Inc., No. 20-cv-1030 (JRT/LIB), 2020 WL 7626606, at *12–13 (D. Minn. Oct. 7, 2020), report and recommendation adopted, 2021 WL 632496 (D. Minn. Feb. 18, 2021), aff'd, No. 2021-1702, 2021 WL 4592277 (Fed. Cir. Oct. 6, 2021).

to various sensory-related amenities. Plaintiff previously requested similar accommodations, (see Plf.'s Motion [Docket No. 11]), and that request was denied as premature. (Order [Docket No. 14]). As the Court explained in it prior Order, any request for individual scheduling, logistical arrangements, or extension of a deadline should be requested as they become necessary. (See Order [Docket No. 14] at 2 n.1). Plaintiff's request is simply premature.[2]

Plaintiff's "Motion to Try Case to the Court," [Docket No. 22], asks that this case be decided in a Bench trial rather than a jury trial. Here too, Plaintiff's request is premature. The present action is still yet in its earliest stages, with Defendants only recently having responded to Plaintiff's Amended Complaint with the filing of a motion to dismiss. But the question of "[w]hether a jury trial may be held in this case is secondary to the question of" which, if any, claims "survive to the point of trial. For that reason, the final determination as to whether a right to jury trial exists in this matter must properly await further discovery and possible dispositive motion practice." Dahhane v. Stanton, No. 15-cv-1229 (MJD/JJK), 2015 WL 5009642, at *4 (D. Minn. Aug. 24, 2015); see Knight v. G4S Secure Sols. USA Inc., No. 18-cv-2089 (RLW), 2019 WL 4246593, at *1 (E.D. Mo. Sept. 6, 2019) (quoting Dahhane). Plaintiff may later raise the issue the type of trial which is warranted in this proceeding if it becomes apparent that a trial will occur in this matter.

Therefore, for the foregoing reasons, and based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's "Renewed Motion for Reasonable Accommodations," [Docket No. 19], is **DENIED without prejudice as premature**; and

---

[2] If Plaintiff needs an accommodation regarding a specific situation or circumstance which arises in this action, he should make that request when the specific situation or circumstance arises. See Blidgen v. Braintree Pub. Schs., No. 25-cv-12329, 2025 WL 2831460, at *2 (D. Mass. Oct. 6, 2025); Fesenmeyer v. Land Bank of Kc, No. 15-cv-164, 2015 WL 13344632, at *2 (W.D. Mo. Apr. 15, 2015).

3

2. Plaintiff's "Motion to Try Case to the Court," [Docket No. 22], is **DENIED without prejudice as premature**.

Dated: December 30, 2025                    s/Leo I. Brisbois
                                            Hon. Leo I. Brisbois
                                            U.S. MAGISTRATE JUDGE