UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

TRAVIS PAUL PERRY,

    Plaintiff,

v.

CITY OF WATERVILLE, MINNESOTA;

WATERVILLE PLANNING AND ZONING

COMMISSION; JASON MORAN, in his

official and individual capacities; and TERESA

HILL, in her official and individual capacities,

    Defendants.

Case No. 0:25-cv-03352-LMP-LIB

MOTION TO ALTER OR AMEND

JUDGMENT UNDER RULE 59(e) AND FOR

LEAVE TO FILE SECOND AMENDED

COMPLAINT

Plaintiff Travis Paul Perry respectfully moves under Federal Rule of Civil Procedure 59(e), Federal Rule of Civil Procedure 15(a)(2), and District of Minnesota Local Rule 15.1 for an order altering or amending the judgment entered after dismissal without prejudice, reopening this action, and granting Plaintiff leave to file the attached Proposed Second Amended Complaint.

**Relief Requested**

Plaintiff requests that the Court:

1. alter or amend the Judgment entered after the June 23, 2026 Order;

2. vacate or modify the June 23, 2026 Order to the extent necessary to permit amendment and

    reopening;

3. grant leave to file the Proposed Second Amended Complaint;

4. accept Plaintiff's Local Rule 15.1 redline/comparison showing how the proposed pleading differs from the operative Amended Complaint;

5. recognize that Plaintiff requests a bench trial and does not demand a jury trial; and

6. grant any other relief necessary to preserve Plaintiff's claims and create a complete record for review.

**<u>Basis for the Motion</u>**

The motion is based on the accompanying memorandum, Plaintiff's declaration, the Proposed Second Amended Complaint, the Local Rule 15.1 redline/comparison, the Selected Master Exhibit Index and Evidence Matrix, the selected Master Exhibits, Exhibit 0069, Exhibit 0071, and the record already before the Court.

Plaintiff does not ask the Court to approve cannabis operations, to sit as a zoning board, or to disregard municipal zoning authority. The Rule 59(e) issue is narrower: whether the case should remain closed where the dismissal order treated a formal CUP route as available based on the City Council's general institutional authority, while the same record recognized that the later ordinance squarely prohibited Plaintiff's proposed home-garage cannabis business as a home occupation.

The Proposed Second Amended Complaint accepts the Court's formal findings that Plaintiff did not submit a completed official CUP application and that the Planning and Zoning Commission was not the final CUP decisionmaker. It does not plead March 17, 2025 as a formal final CUP adjudication. It pleads that City officials selected and controlled a different process, did not direct Plaintiff to the formal Section 150.19 CUP process, used conditional-use language on the record, adopted a categorical home-occupation exclusion, and then used the lack of a formal application as a procedural defense.

## Local Rule 15.1 Materials

Plaintiff submits a complete Proposed Second Amended Complaint and a redline/comparison showing how the proposed pleading differs from the operative Amended Complaint. The proposed pleading is complete in itself and does not incorporate any prior pleading as the operative statement of claims.

## Meet-and-Confer Statement

Plaintiff is proceeding without counsel. Plaintiff contacted Defendants' current counsel, Jared D. Shepherd and Sharda Enslin, by email on July 21, 2026 at approximately 10:46 a.m. Because this is a post-judgment Rule 59(e) motion subject to a fixed deadline, Plaintiff filed this motion within the deadline and has submitted a separate statement describing his meet-and-confer efforts. Plaintiff will promptly confer with Defendants' counsel after filing if further conference is requested or required.


Dated: July 21, 2026

Respectfully submitted,

/s/ Travis Paul Perry

Travis Paul Perry

529 N. Mallory Street

Waterville, MN 56096

Email: mn.snoeeons@gmail.com

Phone: 507-210-0446

Pro Se Plaintiff