UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

TRAVIS PAUL PERRY,

    Plaintiff,

v.

CITY OF WATERVILLE, MINNESOTA;

WATERVILLE PLANNING AND ZONING

COMMISSION; JASON MORAN, in his

official and individual capacities; and TERESA

HILL, in her official and individual capacities,

Defendants.

Case No. 0:25-cv-03352-LMP-LIB

LOCAL RULE 15.1 CLEAN COMPARISON

GUIDE

This guide is submitted with the full redline/comparison. It summarizes the principal changes from the operative Amended Complaint to the Proposed Second Amended Complaint. It does not replace the full redline.

**1. Corrected CUP framing**

The Proposed Second Amended Complaint removes or narrows prior language suggesting that Plaintiff filed a completed formal CUP application or that the March 17 Planning and Zoning vote was a formal final CUP adjudication. The new pleading alleges that Defendants selected and controlled a non-CUP route, used conditional-use language, objectively communicated that the residential conditional-use path would not be allowed, adopted a categorical exclusion, and later relied on the absence of a formal application that Plaintiff had not been directed to file.

**2. <u>Four-corners pleading and exhibit incorporation</u>**

The new pleading places the date-by-date chronology inside the complaint itself and incorporates key Master Exhibits under Rule 10(c), including Exhibits 0020-0023, 0025-0037, 0039-0042, 0043-0057, 0069, and 0071.

**3. <u>Hill gatekeeping allegations</u>**

The new pleading adds more precise allegations that Plaintiff went to City Hall for process guidance and that Hill did not provide a CUP form, identify the Zoning Administrator, mention the fee, request a site map, cite Section 150.19, or direct Plaintiff to file a formal CUP application.

**4. <u>Pre-amendment and post-amendment ordinance distinction</u>**

The new pleading distinguishes the pre-amendment Level 2 home-occupation/CUP framework from Ordinance 150.02-2025, which later excluded cannabis growing and related cannabis/cannabinoid activities from the home-occupation definition.

**5. <u>Personal standing and LLC clarification</u>**

The new pleading clarifies that Plaintiff is not representing Snoeeons Nurturing Buds and Resources LLC as a separate plaintiff. Plaintiff asserts his own injuries, including property-use injury, process injury, veteran/social-equity opportunity, business-launch opportunity, and economic injury flowing from alleged violation of his personal rights.

**6. <u>OCM/local zoning clarification</u>**

The new pleading clarifies that OCM preliminary approval was not a final license, that OCM left local zoning compliance to the local government, and that OCM did not cure or override the City's local zoning position.

**7. Claims preserved but narrowed**

Procedural due process remains the core claim. Equal protection/class-of-one, First Amendment retaliation, alternative substantive due process, and MGDPA claims are preserved under the corrected factual chronology.

Dated: July 21, 2026

Respectfully submitted,

/s/ Travis Paul Perry

Travis Paul Perry

529 N. Mallory Street

Waterville, MN 56096

Email: mn.snoeeons@gmail.com

Phone: 507-210-0446

Pro Se Plaintiff