**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

TRAVIS PAUL PERRY,

Plaintiff,

v.

CITY OF WATERVILLE; JASON MORAN, *in his official and individual capacities*; TERESA HILL, *in her official and individual capacities*; and WATERVILLE ZONING COMMISSION,

Defendants.

Case No. 25-cv-3352 (LMP/LIB)

**ORDER DENYING PLAINTIFF'S RULE 59(E) MOTION AND MOTION FOR LEAVE TO AMEND**

---

Travis Paul Perry, pro se.

Jared D. Shepherd and Sharda Enslin, **Campbell Knutson PA, Eagan, MN**, for Defendants.

Plaintiff Travis Paul Perry brought suit against the City of Waterville (the "City") and several other defendants asserting that the City's ordinance prohibiting him from operating a cannabis cultivation business in his home garage violated his due process and equal protection rights. ECF No. 47 ¶¶ 53–67. Perry also alleged that City officials retaliated against him and failed to properly respond to his public-records requests. *Id.* ¶¶ 68–79. Defendants moved to dismiss all claims, ECF No. 50, and on June 23, 2026, the Court granted Defendants' motion, ECF No. 61. Judgment in Defendants' favor was

entered the next day. ECF No. 62. Perry now seeks relief under Federal Rule of Civil Procedure 59(e), and he requests leave to file a second amended complaint. ECF No. 63.[1]

While litigation is proceeding, a litigant may amend their complaint with the Court's leave, and the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Things change after judgment is entered." *See Mejia v. United States*, No. 23-cv-3852 (PJS/DLM), 2024 WL 6047683, at *1 (D. Minn. Mar. 25, 2024). The amendment policy of Rule 15 "does not govern when, following a final judgment, the case is closed and there is no pending pleading to amend." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 213 (2025). Instead, once the Court has entered final judgment, "no amendment is possible unless the judgment is first set aside." *Id.* (citation omitted). Accordingly, to amend a pleading after judgment is entered, a litigant must satisfy the requirements of both Rule 15(a)(2) and, relevant here, Rule 59(e). *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 743 (8th Cir. 2014).

Rule 59(e) motions serve the "limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (citation omitted) (internal quotation marks omitted). Such motions "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of

---

[1] The Court presumes familiarity with this case and incorporates here the facts from the Court's order on Defendants' motion to dismiss. ECF No. 61 at 2–6. The Court will only discuss facts necessary to resolve Perry's motion.

judgment." *Id.* (citation omitted). This Court has "broad discretion" whether to grant a Rule 59(e) motion. *Id.*

The Court need not decide whether Perry satisfies the requirements of Rule 59(e) because he is not entitled to leave to file a second amended complaint under Rule 15(a)(2). Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15(a)(2) directs the Court to "freely give leave" to amend "when justice so requires." *Id.* Although this is a liberal standard, a district court appropriately denies leave to amend if "there are compelling reasons such as . . . futility of the amendment." *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012) (citation omitted). An amended pleading is futile when it "could not withstand a motion to dismiss under Rule 12(b)(6)." *Hillesheim v. Myron's Cards & Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018) (citation omitted).

Here, none of the claims in Perry's proposed second amended complaint could withstand a motion to dismiss. Start with the procedural due process claim, which the Court dismissed because Perry had not exhausted his state administrative remedies. ECF No. 60 at 13–16. Perry agrees that he did not exhaust the relevant state administrative remedy—specifically, seeking a conditional use permit ("CUP") from the City. *See* ECF No. 64 at 3. Rather, he alleges that City officials never told him about the opportunity to submit a CUP application but directed him to petition the City Council for a legislative change to the City Code. ECF No. 64 at 4–6; ECF No. 65-1 at 2. But that doesn't fix the core problem with Perry's amended complaint: he never applied for a CUP. Although Perry suggests that the City "routed him" away from the CUP process, ECF No. 64 at 4, that

allegation is simply not plausible, as Perry offers exhibits showing that at a March 17, 2025 meeting at which Perry was present, the Planning Commission explained that Perry could apply for a CUP to operate his cannabis cultivation business, *see* ECF No. 65-4 at 27–28. At that point, Perry was on notice that his next step was to file for a CUP. Perry instead filed this lawsuit, which rendered his procedural due process claim vulnerable to dismissal. *See Hopkins v. City of Bloomington*, 774 F.3d 490, 492 (8th Cir. 2014). And, in any event, it was Perry's duty to learn what he needed to do to comply with the City's land-use laws. *See Audette v. Lake of the Woods County*, 183 F.4th 627, 637 (8th Cir. 2026).

Next up is Perry's equal protection claim. It is not clear what allegations Perry has added to beef up this claim; in fact, Perry largely repeats the allegations in his now-dismissed amended complaint. *See* ECF No. 64 at 9 (arguing that Perry was "the only known cannabis home-occupation applicant" in the City and that "the City responded to his request by grouping cannabis with explosives and firearms"); *compare* ECF No. 65-6 ¶¶ 115–16 (proposed second amended complaint alleging that Defendants "lacked a rational basis for singling Plaintiff out for categorical treatment without individualized consideration of his actual proposed restrictions" and treated his request with "generalized fear-based and stigma based treatment"), *with* ECF No. 47 ¶¶ 64–65 (now-dismissed amended complaint alleging that Defendants "lacked any rational basis for [the] differential treatment" toward cannabis businesses and "acted irrationally and with animus toward Plaintiff and toward cannabis operators"). As explained in the Court's order dismissing Perry's amended complaint, regardless of how Perry frames his equal protection claim—facial, as-applied, or class-of-one—there is a rational basis as a matter of law for the City's

treatment of cannabis businesses in residential areas. ECF No. 61 at 16–21. Nothing in Perry's proposed second amended complaint overcomes that hurdle.

The same can be said of Perry's retaliation claim under the First Amendment. To note just one problem: for the third element of Perry's retaliation claim—causation—Perry's proposed second amended complaint raises (1) suspicious timing and (2) Defendant Jason Moran's email that there is a "person of interest in town that may try to do something clever." *See* ECF No. 65-6 ¶ 123. The Court has already explained why those allegations do not plausibly allege causation. ECF No. 61 at 23–24. Perry also references a letter that he sent to the City Council on May 23, 2025, which expressed Perry's intent to file this lawsuit. ECF No. 65-6 ¶ 92. Perry suggests that the City Council retaliated against him by voting to take no action on the letter. *Id.* ¶¶ 93, 123. The Court fails to see how the City Council's decision not to respond to Perry's threat of a federal lawsuit would "chill a person of ordinary firmness from engaging in" federal litigation. *Zutz v. Nelson*, 601 F.3d 842, 849 (8th Cir. 2010). Presumably, the City Council had to do *something* with Perry's letter: either respond to it or not. And, clearly, the City Council's decision did not chill Perry from filing a federal lawsuit. *See* ECF No. 1.

Finally, because Perry has not pleaded plausible federal claims, the Court declines to exercise supplemental jurisdiction over Perry's Minnesota Government Data Practices Act claim. *Hervey v. County of Koochiching*, 527 F.3d 711, 726 (8th Cir. 2008).

## CONCLUSION

Perry's proposed second amended complaint is futile. Accordingly, for these reasons, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**

that Perry's Rule 59(e) Motion and Motion for Leave To File a Second Amended Complaint (ECF No. 63) is **DENIED**.

Dated: August 20, 2026

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge